IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMMANUELLA CHERISME, MD, | : Civ. No. 1:26-CV-01507 |
| Plaintiff, | : |
| v. | : (Chief Magistrate Judge Bloom) |
| GEISINGER MEDICAL CENTER, et al., | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. Introduction

The *pro se* plaintiff, Emmanuella Cherisme, traces the loss of her medical license in 2017 to alleged discrimination, hostile work environment, retaliation by her former employer, Geisinger Medical Center, and her supervisors. While her employment at Geisinger ended in 2002, Cherisme alleges that Geisinger continued discriminating against her until 2010 by providing false information to state licensing authorities. Cherisme attempts to draw a direct line from Geisinger's alleged discrimination to the revocation of her license in 2017, omitting a pattern of terminations and misrepresentations about her employment history on applications and license renewal forms considered in the

revocation decision. But even ignoring Cherisme's intervening history, she has not established a continuing violation under Title VII of the Civil Rights Act of 1964 ("Title VII") that revives her untimely claims. Because Cherisme's claims are plainly time-barred, Geisinger's motion to dismiss will be granted.

## II. Statement of Facts and of the Case

In July of 1999, Cherisme began a residency training program at Geisinger.[1] She generally alleges that she was discriminated against by Geisinger during her residency training and contends that she left the program on family leave in 2002.[2] Cherisme avers that Geisinger's discrimination continued until 2010 when Geisinger allegedly provided false information to New York medical authorities, leading to the revocation of her medical license.[3]

A Hearing Committee of the New York State Board for Professional Medical Conduct ("Committee") and the Administrative Review Board for Professional Medical Conduct ("ARB") examined a broader portion of

---

[1] Docs. 1, 1-1, 1-2.
[2] Docs. 1-1, 1-2; *but see* Doc. 1-2 at 10 (Cherisme's attached exhibit of her personal record stating that she was dismissed from Geisinger on January 15, 2002).
[3] Docs. 1-1, 1-2 at 16.

Cherisme's employment history.[4] The Committee found that Geisinger dismissed Cherisme for cause and she later held positions at several other institutions, from which she was also discharged or forced to resign.[5] Following each position and eventual removal, the Committee found that Cherisme misrepresented her employment history on subsequent applications and medical licensure forms.[6]

In April of 2017, the Committee sustained seven charges of professional misconduct relating to Cherisme's fraudulent misrepresentation of her professional history on various applications and

[4] We recount the administrative findings and conclusions to provide context, without accepting the disputed facts underlying the decisions as true. Our decision rests on the procedural untimeliness of Cherisme's claims, not the merits of her allegations. *See Golden v. Cook*, 293 F. Supp. 2d 546, 551 (W.D. Pa. 2003) ("[I]t is well established that courts are permitted to consider matters of which they may take judicial notice, including records and reports of administrative bodies, . . ., and publicly available records and transcripts from judicial proceedings in related or underlying cases which have a direct relation to the matters at issue." (citation modified)); *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.,* 181 F.3d 410, 426 (3d Circ. 1999) ("[O]n a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.").

[5] Emmanuella Cherisme-Theophile, MD, BPMC Order No. 17-125, 2017 WL 2722919, at *2-5 (N.Y. Bd. for Prof'l Med. Conduct Apr. 26, 2017).

[6] *Id.* at *10.

license renewal forms and voted to suspend her license for two years, followed by two years of probation, and ordered her to complete an education course on professional honesty.[7]

The New York Bureau of Professional Medical Conduct appealed the Committee's penalty, arguing Cherisme's medical license should be revoked and the ARB agreed.[8] In December of 2017, while affirming the Committee's determination that Cherisme committed professional misconduct, the ARB unanimously voted to revoke her license.[9] The ARB reasoned that honesty could not be taught to a physician who lacks it, and Cherisme's repeated pattern of making deliberate false statements or deliberately withholding information with the intent to deceive "prove[d] her unfit to practice medicine in the State of New York."[10]

Cherisme did not administratively appeal the Committee's factual determinations underlying her professional misconduct charges but

---

[7] *Id.* at *13-14.
[8] Emmanuella Cherisme-Theophile, MD, ARB Order No. 17-354, 2017 WL 6888503, at *4–5 (N.Y. Bd. for Prof'l Med. Conduct Admin. Rev. Bd. Dec. 19, 2017).
[9] *Id.*
[10] *Id.*

sought judicial review of the ARB's penalty of license revocation.[11] In January of 2020, the New York State Supreme Court, Appellate Division, Third Department, confirmed the ARB's determination, holding that "license revocation [was] not grossly disproportionate to [Cherisme]'s pattern of fraudulent conduct, especially in light of her failure to accept responsibility or express any remorse for it."[12]

Separately, following the initial suspension in New York, in October of 2017, Cherisme entered a consent decree with the Commonwealth of Pennsylvania Bureau of Professional and Occupational Affairs to place her medical license in Pennsylvania on active, probationary status.[13] To be reinstated to non-probationary status, the consent decree required Cherisme to obtain good standing in New York or show by a preponderance of the evidence the terms of the consent decree should be vacated or amended.[14] In August of 2021, the Pennsylvania State Board of Medicine denied Cherisme's motion to

---

[11] *Cherisme-Theophile v. Dept. of Health*, 115 N.Y.S.3d 576, 576–77 (N.Y. App. Div. 3d Dept. 2020).
[12] *Id.* at 577.
[13] Emmanuella Cherisme-Theophile, MD, Docket No. 0985-49-17, File No. 16-49-14906 (Pa. State Bd. of Med. Oct. 3, 2017) (consent decree and order).
[14] *Id.*

reinstate her license to non-probationary status based upon her revocation in New York.[15]

On September 6, 2024, Cherisme filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging:

> PennState-Geisinger discriminated against after multiple episodes of sexual harassments creating a hostile work environment. I was able to leave the program in February 2002, but Geisinger provided false information against me to New York in 2010 plus causing my NY medical license to revoke. As a result, Pennsylvania State Board of Medicine attempted to revoke my medical license. They are now making it permanent due to discrimination.[16]

The EEOC declined to investigate further and notified Cherisme of her right to sue on March 6, 2026.[17] It is against this factual backdrop that Cherisme filed the instant action on June 3, 2026, against the defendants, Geisinger Medical Center, Geisinger Health System, Geisinger Clinic, Geisinger Indemnity, Geisinger Health Plan, (collectively, "Geisinger"), Sumit Bijoy Ghosh, MD, Linda Famiglio, MD,

---

[15] Emmanuella Cherisme-Theophile, MD, Case No. 20-49-000268 (Pa. State Bd. of Med. Oct. 3, 2017) (final order).
[16] Doc. 1-2 at 11, 16.
[17] *Id.* at 24.

and Gary Stoner, MD, alleging that the defendants' discrimination and retaliation is the source of her licensing issues.[18]

Geisinger filed a motion to dismiss Cherisme's complaint on July 17, 2026.[19] Geisinger asserts that Cherisme fails to state a *prima facie* case of discrimination or retaliation, and that her claims are barred by the applicable statute of limitations as she has not been employed or associated with Geisinger for almost 25 years.[20] The motion is fully briefed and is ripe for resolution.[21] For the following reasons, we will grant the defendants' motion to dismiss.

## III. Discussion

### A. Motion to Dismiss – Standard of Review

The defendant filed a motion to dismiss the complaint pursuant to Rule 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

[18] Docs. 1, 1-1.
[19] Doc. 7. We note that only the Geisinger defendants moved for dismissal of Cherisme's claims. Nonetheless, because Cherisme's claims are time-barred as we will discuss, her claims will be dismissed with prejudice as to all defendants.
[20] *Id.*
[21] Docs. 7, 8, 9, 10, 13-2.

The court may dismiss a complaint under Rule 12(b)(6) if the complaint fails to state a claim upon which relief can be granted.[22] Under federal pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."[23] In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true,[24] and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant."[25] However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action."[26]

As the Third Circuit Court of Appeals has aptly summarized:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any

---

[22] Fed. R. Civ. P. 12(b)(6).
[23] Fed. R. Civ. P. 8(a)(2).
[24] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[25] *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).
[26] *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

> legal conclusions. . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. . . . In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. . . . As the Supreme Court instructed in *Iqbal*, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief. . . . This "plausibility" determination will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.[27]

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record.[28] A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents."[29] If the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination.[30] However, the court may

---

[27] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citation modified).
[28] *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).
[29] *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).
[30] *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

not rely on any other part of the record when deciding a motion to dismiss.[31]

Finally, when reviewing a *pro se* complaint, we are reminded that such complaints are to be construed liberally, "so 'as to do substantial justice.'"[32] Additionally, we must apply the relevant law even if the *pro se* plaintiff does not mention it by name.[33]

A. <u>Cherisme's Complaint Violates Rules 8 and 10 of the Federal Rules of Civil Procedure.</u>

Despite our liberal construction of *pro se* complaints, that latitude does not relieve a *pro se* plaintiff of the requirement to plead with enough clarity that "permits a defendant to understand the nature of the plaintiff's claims, and to respond to the allegations."[34] Cherisme's pleading fails to meet this minimal requirement.

---

[31] *Jordan*, 20 F.3d at 1261.
[32] *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)).
[33] *See Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).
[34] *See Baylets-Holsinger v. Pennsylvania State Univ.*, No. 4:18-CV-0060, 2018 WL 2749629, at *3 (M.D. Pa. May 2, 2018), *report and recommendation adopted*, No. 4:18-CV-00060, 2018 WL 2733982 (M.D. Pa. June 7, 2018).

Rule 8 provides that "[a] pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief[,]"[35] and that "[e]ach allegation must be simple, concise, and direct."[36] Rule 10 further dictates that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."[37] It is well settled that dismissal under Rule 8 is entirely appropriate when faced with a complaint that "is [ ] largely unintelligible."[38] Additionally, a Rule 8 dismissal is appropriate where the complaint "'left the defendants having to guess what of the many things discussed constituted [a cause of action,]' or when the complaint is 'so rambling and unclear' as to defy response."[39]

Here, Cherisme's complaint fails to adhere to any of the pleading requirements under Rules 8 and 10, even under the less stringent

---

[35] Fed. R. Civ. P. 8(a)(2).
[36] Fed. R. Civ. P. 8(d)(1).
[37] Fed. R. Civ. P. 10(b).
[38] *Stephanatos v. Cohen*, 236 F. App'x 785, 787 (3d Cir. 2007).
[39] *Todd v. Disability Rights Pennsylvania*, Civ. No. 1:25-CV-1337, 2025 WL 2550859, at *4 (M.D. Pa. Sept. 4, 2025) (quoting *Binsack v. Lackawanna County Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) and *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011)).

standard afforded to *pro se* pleadings. The complaint lacks numbered paragraphs and consists largely of generalized allegations that offer legal conclusions in place of supporting facts. But its deficiencies extend beyond mere organization as to "genuinely preclude the defendant from answering the allegations fairly."[40]

The complaint offers conclusory allegations, omits any dates or timeline of events, and provides facts that appear to be unrelated to the basis of the plaintiff's actual alleged claims of discrimination, hostile work environment, and retaliation by Geisinger. For example, Cherisme alleges that Geisinger discriminated against her on the basis of race, sex, and age.[41] But the factual basis of her claims is that a black male resident and Egyptian female resident both allegedly complained of discrimination to her, leaving the defendants and the court to guess at how this possibly relates to her.[42] Cherisme goes on to say that her house was broken into, she was followed by Dr. Stoner, and she was injured by a defective recliner in the labor room.[43] The relevance of these allegations

[40] *Baylets-Holsinger,* 2018 WL 2749629, *4.
[41] Doc. 1 at 4.
[42] *Id.* at 5.
[43] *Id.*; Doc. 1-1 at 1.

to her discrimination, hostile work environment, or retaliation claims remains equally unclear.

Upon review of the entire complaint, the only semblance of a claim is where Cherisme states that she complained of sexual harassment and discrimination to Dr. Famiglio and was subsequently prevented from performing surgical procedures, but we are left to guess what conduct she complained of and when this occurred.[44] The rampant deficiencies in the plaintiff's complaint, including its failure to set forth the allegations in a format to enable a meaningful answer or other response and its inclusion of factual allegations that have no apparent relevance to the legal claims asserted, would typically warrant dismissal without prejudice.[45] Yet, leave to amend is unwarranted where doing so would be futile.[46] Here, as we will discuss below, no amendment could cure Cherisme's untimely claims.

---

[44] Doc. 1-1 at 1.
[45] *Tillio*, 441 F. App'x at 110 ("[D]istrict courts generally must allow plaintiffs leave to amend deficient complaints prior to dismissal unless doing so would be futile.").
[46] *Id.*

### B. Cherisme's Claims are Time-barred and will be Dismissed with Prejudice.

As a threshold matter, in actions brought under Title VII and all employment discrimination actions, an individual must file a charge of discrimination with EEOC within 300 days of the unlawful discriminatory act.[47] Cherisme attempts to connect her license revocation in New York and probation in Pennsylvania in 2017 to alleged discrimination and retaliation by Geisinger, where her employment ended in 2002.[48] She characterizes Geisinger's alleged communication with medical board authorities in 2010, resulting in the revocation of her New York medical license and probationary status of her Pennsylvania medical license in 2017, as a continuation of that discrimination.[49]

Yet, even accepting Cherisme's allegations as true, they do not entitle her to relief. Cherisme filed a complaint with the EEOC in September of 2024—over a decade after when she alleges Geisinger purportedly provided false information to the medical board authorities as retaliation, almost seven years after her license revocation in New

---

[47] 42 U.S.C. § 2000e–5(e).
[48] Docs. 1-1, 1-2.
[49] Docs. 1-1, 1-2 at 16.

York and probationary status in Pennsylvania, and far beyond the EEOC's 300-day filing requirement.[50] Thus, her claims under Title VII are plainly time-barred and warrant dismissal with prejudice.

## IV. Conclusion

For the foregoing reasons, the defendants' motion to dismiss will be GRANTED, and this case will be DISMISSED WITH PREJUDICE as to all defendants.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

Dated: October 28, 2026

[50] *See Iqbal v. BPOA*, No. 24-1077, 2024 WL 3565307, at *2 (3d Cir. July 29, 2024), *cert. denied sub nom.*,145 S. Ct. 1311 (2025), *reh'g denied*, 145 S. Ct. 1954 (2025) (affirming dismissal under statute of limitations grounds of a physician's 42 U.S.C. § 1983 claims, alleging state actors' false sexual misconduct allegations resulted in license revocation).